**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALBERT PATRICK ZAPPIA,

Plaintiff,

vs.

WORLD SAVINGS F.S.B., WACHOVIA F.S.B., WELLS FARGO HOME MORTGAGE, and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., a California Company; SANDRA KNOWLES, an individual; GUSTAVO RODRIGUEZ, an individual; KEN REED, an individual; DOES 1 through 10,

Defendants.

CASE NO. 14cv1428-WQH-DHB

Order

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Complaint, filed by Defendants Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (“Wells Fargo”), and Golden West Savings Association Service Co. (“Golden”) (ECF No. 7), the Motion to Disqualify and Motion to Strike (“Motion to Disqualify/Strike”), filed by Plaintiff, and the Motion for Leave to File First Amended Complaint (”FAC”), filed by Plaintiff. (ECF Nos. 10, 12).

**BACKGROUND**

On June 11, 2014, Plaintiff initiated this action by filing a Complaint against Wells Fargo, Golden, Gustavo Rodriguez, Sandra Knowles, Ken Reed, and Does 1

through 10. (ECF No. 1). The Complaint alleges: (1) breach of fiduciary duty against Defendant Wells Fargo, (2) fraud against Defendants Wells Fargo and Reed, (3) mail fraud against all Defendants, (4) violation of the Fair Debt and Collection Practices Act ("FDCPA") against all Defendants, (5) declaratory relief against all Defendants, (6) rescission against Defendants Wells Fargo and Golden, (7) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. section 1641(G)(1)(A-E) against Defendants Wells Fargo, Knowles, Rodriguez, and Reed, (8) adverse possession against Defendants Wells Fargo and Does 1 through 10, (9) accounting and violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C.A. 2605(E); 24 C.F.R. 3500 against all Defendants. (ECF No. 1).

On July 9, 2014, Defendants Wells Fargo and Golden filed the Motion to Dismiss. (ECF No. 7). On August 4, 2014, Plaintiff filed a response. (ECF No. 9). On August 8, 2014, Defendants filed a reply. (ECF No. 11).

On August 8, 2014, Plaintiff filed the Motion to Disqualify/Strike. (ECF No. 10). On August 18, 2014, Defendants filed an opposition to Plaintiff's Motion to Disqualify Counsel. (ECF No. 13). On September 5, 2014, Plaintiff filed a reply. (ECF No. 14).

On August 15, 2014, Plaintiff filed the Motion for Leave to File FAC. (ECF No. 12). The Plaintiff requests to amend the Complaint in order to fix typographical errors, add a claim for retaliation, add/remove parties, and allege additional facts. (ECF No. 12-1 at 2).

**CONTENTIONS OF PARTIES**

Plaintiff contends that the proposed amendments are necessary and in furtherance of justice. *Id*. at 3. Plaintiff contends that the Defendants will not suffer any prejudice by undue delay because discovery has not yet commenced and there has been no answer filed by Defendants. *Id*. at 7. Defendants have not filed an opposition to Plaintiff's Motion for Leave to File FAC.

Plaintiff further contends that Defendants' attorney of record David M. Newman

("Newman") in the Motion to Dismiss attempts to misstate the actual facts pled in the complaint and introduce irrelevant, new facts that have not been pled in the motion to dismiss . *Id.* at 2. Plaintiff asserts that Newman has personal knowledge of fact issues that he presented in the Motion to Dismiss and documents that were provided in the Request for Judicial Notice and Plaintiff has the right to call upon anyone who has knowledge of the facts before this case and who has submitted evidence to this Court. (ECF No. 10-1 at 3). Plaintiff contends that if an attorney is likely to testify on behalf of a client about fact issues, the attorney should be disqualified. (ECF No. 10-1 at 2) (citing *Int'l Woodworkers v. Chesapeake Bay Playwood Corp.*, 659 F.2d 1259, 1273 (4th Cir. 1981); Model Rules of Prof. Conduct R. 3.7(a)(2011)).

Defendants contend that California Rule of Professional Conduct 5-210 has no application. (ECF No. 13 at 3). Defendants contend that Newman is not acting as a fact witness in conjunction with Wells Fargo's Motion to Dismiss and Rule 5-210 is inapplicable because it only applies to situations where counsel to one of the parties in litigation serves as a fact witness before a jury and only the Court will decide the merits of the Motion to Dismiss. *Id*. at 3-4.

**DISCUSSION**

Plaintiff requests to amend the Complaint in order to fix typographical errors, add a claim for retaliation, add/remove parties, and allege additional facts. (ECF No. 12-1 at 2). Plaintiff alleges that the proposed amendments are necessary and in furtherance of justice. *Id*. at 3. Plaintiff further contends that the Defendants will not suffer any prejudice by undue delay because discovery has not yet commenced and there has been no answer filed by Defendants. *Id*. at 7. Defendants have not filed an opposition to Plaintiff's Motion for Leave to File FAC.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court

considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion for Leave to File FAC and all related filings, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Defendants failed to file an opposition to Plaintiff's Motion for Leave to File FAC. Defendants' Motion to Dismiss (ECF No. 7), addressing the Complaint, will become moot once Plaintiff files the FAC. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). To the extent Plaintiff seeks to disqualify Newman based on the likelihood of testifying on behalf of Defendants about fact issues regarding the Motion to Dismiss, Plaintiff's Motion to Disqualify/Strike is denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Complaint is GRANTED. (ECF No. 12). Plaintiff shall file the First Amended Complaint within ten days of the date this Order is filed. The Motion to Dismiss the Complaint (ECF No. 7) and Motion to Disqualify Counsel and Motion to Strike (ECF No. 10) are DENIED as moot.

DATED: September 30, 2014

**WILLIAM Q. HAYES**
United States District Judge