1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ALBERT PATRICK ZAPPIA,

CASE NO. 14cv1428 WQH (DHB)

Plaintiff,

ORDER

vs.

WORLD SAVINGS F.S.B.,
WACHOVIA F.S.B., WELLS FARGO
HOME MORTGAGE, and GOLDEN
WEST SAVINGS ASSOCIATION
SERVICE CO., a California Company;
SANDRA KNOWLES, an individual;
GUSTAVO RODRIGUEZ, an
individual; KEN REED, an individual;
DOES 1 through 10,

Defendants.

HAYES, Judge:

The matter before the Court is the Motion to Consolidate Separate Actions ("Motion to Consolidate") (ECF No. 38) filed by Defendants Wells Fargo and Golden West.

## BACKGROUND

On June 11, 2014, Plaintiff Albert Zappia initiated this action by filing a complaint.

On October 10, 2014, Plaintiff filed a first amended complaint against Defendants World Savings F.S.B. ("World"), Wachovia F.S.B. ("Wachovia"), Wells Fargo, N.A. ("Wells Fargo"), and Golden West Savings Association Co. ("Golden West").  (ECF No. 17).  The property which is the subject of this action is 1560 Stevenson Drive, San Marcos, California 92708.  Plaintiff provides a legal description of the property.  *See* ECF No. 17 ¶ 24.  Plaintiff's action makes the following allegations:

> The Property was secured by an Adjustable Rate Mortgage ("ARM") Note ... signed on August 22, 2002....
> ...
> On December 7, 2003, Plaintiff filed for a Chapter 7 Bankruptcy proceeding in the Southern District Bankruptcy Court, Case[] [No.] 03-010903-JH7.
> ...
> During the time of the proceeding, both WORLD and/or WELLS FARGO did not file any proof of claim to assert their right to the property and the debt.
> ...
> On March 10, 2004, Plaintiff received a discharge from the bankruptcy court with WORLD and WELLS FARGO both listed as creditors whose debts were discharged.
>
> Plaintiff continued to make his monthly payments and approximately a year later he began to question certain activities that were taking place with WORLD. He began to receive invoices statements from Wachovia. Plaintiff does not believe that the First Note was allegedly assigned to WACHOVIA ... without a concurrent assignment of the First Deed of Trust, the First Deed of Trust became invalid.

*Id.* ¶¶ 26, 31, 34, 37-39.  Plaintiff's first amended complaint asserts seven causes of action including: (1) accounting and violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. section 2605, 24 C.F.R. 3500, against Defendants Wachovia and Wells Fargo; (2) violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. section 1961-63 *et seq*., mail fraud and wire fraud against all Defendants; (3) violation of the Fair Debt Collections Practices Act ("FDCPA") against all Defendants; (4) Declaratory Relief against all Defendants; (5) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. section 1641g, against Defendants Wachovia and Wells Fargo; (6) violation of California Bus. & Prof. Code section 17200 *et seq*. against Defendants Wachovia and Wells Fargo; and (7) Quiet Title.  *See* ECF No. 17.

On March 17, 2014, Plaintiff initiated a second action by filing a Complaint in the San Diego County Superior Court against Defendant World ("second state action"). (14cv2873-BEN-DHB, ECF No. 1-2). The property which is the subject of Plaintiff's second state court action is 1560 Stevenson Court, San Marcos, California. Plaintiff provides a legal description of the property. *See* 14cv2873-BEN-DHB, ECF No. 1-2 ¶ 1. Plaintiff's second state court action makes the following allegations:

> Plaintiff is named on an Adjustable Rate Mortgage Note dated August 22, 2002.... [World] is identified on the Note as the "Lender." The PROPERTY is secured by a Deed of Trust ... in which WORLD is the Lender/Beneficiary, Plaintiff is the Trustor and [Golden West] is the Trustee.

*Id*. ¶ 9.

> The Deed is void because WORLD has not answered to our written request for verification of a debt after a discharge in a December 7, 2003, Chapter 7 bankruptcy proceeding in the Southern District of California, Case No. 03-10903-JH7. Plaintiff did not during any time before, during or after the bankruptcy proceeding reaffirm, redeem or surrender the property to WORLD, and there was no "Proof of Claim" filed with the court...
> ...
> After the discharge of bankruptcy on March 9, 2004, up until November 2007, Plaintiff has no new request for any modification new contract from WORLD regarding the debt. During the months from December 2003 to November 2007, Plaintiff made payments in excess of $195,000 to WORLD. After November 30, 2007, WORLD has made no attempt to collect on the debt for the past seven years and Plaintiff alleges and believes that they have abandoned any claims or interest to the debt.

*Id*. ¶¶ 5, 10. Plaintiff's second state court action asserted two causes of action including (1) quiet title, Cal. Code Civ. Proc. §§ 760.010-764.080, cancellation of Deed, Cal. Civ. Code § 3412, and (2) Declaratory and Injunctive Relief. *Id*.

On December 4, 2014, Defendant World removed Plaintiff's second state court action to the United States District Court - Southern District of California pursuant to 28 U.S.C. section 1332 by filing a Notice of Removal. The case was assigned to United States District Judge Benitez, 14cv2873-BEN-DHB.[1]

On December 12, 2014, Defendants Wells Fargo and Golden West filed this

---

[1] On January 2, 2015, Plaintiff filed a Motion to Remand (14cv2873-BEN-DHB, ECF No. 8) which is currently pending.

Motion to Consolidate.  (ECF No. 38).  Defendants seek to consolidate this case, 14cv1428-WQH-DHB, with 14cv2873-BEN-DHB assigned to Judge Benitez. Defendants contend that consolidation is warranted under Federal Rule of Civil Procedure 42 because both actions involve common questions of law and fact, and both actions involve the same parties, transaction, and events.  Defendants contend that there is potential for unduly burdensome duplication of labor and expense and conflicting results if the cases are separately adjudicated.  *See* ECF No. 38-1.

On December 31, 2014, Defendants filed a Notice of Plaintiff's Failure to Oppose Motion to Consolidate.  (ECF No. 41).

## RULING OF COURT

Federal Rule of Civil Procedure 42(a) provides in pertinent part that "[w]hen actions involving a common question of law or fact are pending before the court ... it may order all actions consolidated; and it may make such orders concerning proceedings as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a).  The district court has broad discretion under this rule to consolidate cases pending in the same district.  *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).

Plaintiff's first action and second state court action both involve the same parties and are based on similar claims; both involve the same property and transaction; and both involve substantially the same facts and questions of law.  The Court will order the Clerk of Court to prepare a Notice of Related Cases in accordance with Local Civil Rule 40.1.  *See* CivLR 40.1(g) ("An action or proceeding is related to another action or proceeding where both of them: (1) involve some of the same parties and are based on the same or similar claims, or (2) involve the same property, transaction, or event, or (3) involve substantially the same facts and the same questions of law.").  The Motion to Consolidate is denied at this stage in the proceedings.

//

//

1

## CONCLUSION

2          IT IS HEREBY ORDERED that Defendants' Motion to Consolidate (ECF No.

3   38) is DENIED and the Clerk of Court shall prepare a proposed low-number order.

4

5   DATED:  March 3, 2015

6   **WILLIAM Q. HAYES**
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28