# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PATRICK ZAPPIA,<br><br>　　　　　Plaintiff,<br>v.<br><br>WORLD SAVINGS BANK FSB; WACHOVIA MORTGAGE FSB; WELLS FARGO N.A.; WELLS FARGO HOME MORTGAGE; WELLS FARGO N.A.; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.<br><br>　　　　　Defendants. | Civil No. 14cv1428-WQH (DHB)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO TAKE ORAL DEPOSITION**<br><br>[ECF No. 49] |

On February 20, 2015, Plaintiff filed an *Ex Parte* Motion for Leave to Take Oral Deposition Pursuant to FRCP §30(a)(2). (ECF No. 49.) Plaintiff seeks permission to depose employees of Defendants World Savings Bank FSB, Wachovia Mortgage FSB, Wells Fargo N.A., Wells Fargo Home Mortgage and Golden West Savings Association Service Co. (collectively "Wells Fargo"). On February 25, 2015, Wells Fargo filed an opposition (ECF No. 50), and Plaintiff filed a reply on February 27, 2015. (ECF No. 51.) Having considered the arguments of the parties and the applicable law, the Court **DENIES** Plaintiff's motion.

/ / /

/ / /

## I. BACKGROUND

On June 11, 2014, Plaintiff initiated this action by filing a complaint. (ECF No. 1.) Plaintiff filed a First Amended Complaint on October 10, 2014. (ECF No. 17.) The First Amended Complaint alleges seven causes of action including: (1) accounting and violation of the Real Estate Settlement Procedures Act (RESPA); (2) mail fraud and wire fraud; (3) violation of the Fair Debt Collections Practices Act (FDCPA); (4) declaratory relief; (5) violation of the Truth in Lending Act (TILA); (6) violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (7) quiet title. (*Id.*) On October 24, 2014, Wells Fargo filed a motion to dismiss, which is currently pending before Judge Hayes. (ECF No. 19.) Plaintiff has also filed a motion to remand, arguing the Court lacks subject matter jurisdiction. (ECF No. 42.) To date, no answer has been filed.

In September and October 2014, Plaintiff sent letters to Wells Fargo discussing his view of the case and indicating that he would like to try and settle. (ECF Nos. 49-3, 49-4.)

On November 21, 2014, Plaintiff served several notices of deposition on Wells Fargo. (ECF No. 49-6 at 6-28.) Plaintiff claims he never received any response to the deposition notices. However, on November 24, 2014, counsel for Wells Fargo sent Plaintiff's counsel a letter explaining that the deposition notices were invalid because discovery had not yet commenced, and stating that no person would appear for the depositions.[1] (ECF No. 50-1 at 4.)

On January 22, 2015, Plaintiff sent a letter to Wells Fargo, requesting information about the deponents and purportedly confirming the deposition dates. (ECF No. 49-5.) On January 23, 2015, Wells Fargo sent another letter to Plaintiff as

---

[1] Plaintiff's counsel claims he never received this correspondence, or the subsequent letter and objections from Wells Fargo dated January 23, 2015. (*See* ECF No. 51-1 at 2.)

2

12cv1428-WQH (DHB)

well as written objections to Plaintiff's deposition notices. (ECF No. 50-1 at 6-9.) Wells Fargo again advised Plaintiff that there would be no appearances at the depositions because the Rule 26(f) conference had not yet occurred. (*Id.*)

On January 30, 2015, Plaintiff sent an email to Wells Fargo stating that "due to your lack of response" the depositions would be cancelled and rescheduled. (ECF No. 50-1.) Wells Fargo responded by email, and restated its position that the depositions would not occur until permitted by the Federal Rules of Civil Procedure. (*Id.*)

Thereafter, on February 20, 2015, Plaintiff filed the instant motion. (ECF No. 49.) Plaintiff contends Wells Fargo never responded to his deposition notices or letters, and argues the depositions are necessary so that he may become fully informed of the facts of the case. Plaintiff also states Wells Fargo has refused to produce initial disclosures. Wells Fargo counters that the depositions are premature under the Federal Rules of Civil Procedure, and that Plaintiff has failed to establish good cause to conduct discovery before the Rule 26(f) conference.

## II. DISCUSSION

As an initial matter, the Court notes that Plaintiff failed to comply with the undersigned Magistrate Judge's Civil Chambers Rules for the filing of discovery disputes.[2] Pursuant to Section IV of the Chambers Rules, counsel are required to meet and confer prior to the filing of any discovery motion, and if the parties are unable to resolve their dispute, they must file a Joint Motion for Determination of Discovery Dispute. The Court in its discretion will consider Plaintiff's *ex parte* motion in this instance. However, the Court advises the parties that going forward, that any future discovery dispute must be filed as a joint motion in accordance with the Chambers Rules. Any future *ex parte* discovery motion will be rejected.

In accordance with Federal Rule of Civil Procedure 26(d), discovery generally

---

[2] Judge Bartick's Civil Chambers Rules are available on the Court's website at www.casd.uscourts.gov.

1  does not commence until parties to an action meet and confer as prescribed by Rule
2  26(f), unless allowed by court order or agreement of the parties. Fed. R. Civ. P.
3  26(d)(1) ("A party may not seek discovery from any source before the parties have
4  conferred as required by Rule 26(f), except . . . when authorized by these rules, by
5  stipulation, or by court order.").

6  Plaintiff argues Wells Fargo has "undermined the Court's ability to manage
7  discovery in this case and hampered Plaintiff's ability to obtain basic discovery that is
8  essential to their claims" by declining to produce witnesses for deposition. (ECF No.
9  49-1 at 5.) However, discovery in this action has not yet opened because the Rule
10 26(f) conference has not occurred. In this district, the Rule 26(f) conference is
11 typically held after an Answer has been filed and after an Early Neutral Evaluation
12 Conference has been held. *See* Civil Local Rule 16.1. Neither of those events have
13 occurred in this case, and neither of those events will occur until after the pending
14 motions are resolved by the district judge. Further, the Court has not issued any order
15 permitting early discovery, and Wells Fargo has not agreed to early discovery by
16 stipulation. Therefore, Plaintiff improperly noticed the depositions prior to the
17 opening of discovery in violation of Rule 26(d)(1). Accordingly, the Court sustains
18 Wells Fargo's objections to the deposition notices on that ground.[3] Moreover, the
19 Court finds Wells Fargo has done nothing improper to undermine or hamper
20 discovery in this case.

21 Further, Plaintiff has not made an adequate showing that early discovery is
22 necessary in this action. A court may permit early discovery if the requesting party
23 demonstrates good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,

---

25 [3] The Court also sustains Wells Fargo's objection to the notice of deposition of David
26 Newman, who is counsel for Wells Fargo in this action. Plaintiff has failed demonstrate the propriety and need to depose opposing counsel. *American Casualty
27 Co. of Reading PA v. Krieger*, 160 F.R.D. 582, 588-89 (S.D. Cal. 1995) citing *Shelton
28 v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).

4

276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

The Court has considered these factors and finds they weigh against Plaintiff's request to conduct early discovery. First, no motion for preliminary injunction is currently pending. Second, Plaintiff seeks to depose multiple witnesses, on a broad range of topics. Third, Plaintiff's generalized claims that he needs to take the depositions due to Wells Fargo's "reputation in other cases," and his speculation that there may be "some form of fraud or deceit" associated with his loan documents, are unpersuasive. (ECF No. 51 at 1.) Fourth, in light of the pending motion to dismiss, the Court finds it would be burdensome to require Wells Fargo to expend resources to engage in depositions. Plaintiff has not argued, and the Court does not find, that Plaintiff needs to conduct the depositions in order to respond to the pending motion. Finally, Plaintiff has requested discovery to start well in advance of the normal course of discovery in this district. Therefore, the Court will not permit Plaintiff to conduct early discovery, including depositions prior to the Rule 26(f) conference.

Furthermore, to the extent Plaintiff is moving to compel Wells Fargo to produce initial disclosures, that request is denied. Initial disclosures are not due until 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(C). Here, the Rule 26(f) conference has not yet occurred, and there has been no court order or stipulation setting a different timeline. Accordingly, Wells Fargo does not have any obligation to

make initial disclosures at this stage in the litigation.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' *Ex Parte* Motion for Leave to Take Oral Deposition Pursuant to FRCP §30(a)(2) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 10, 2015

DAVID H. BARTICK
United States Magistrate Judge